**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Marcelous Pittman, | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| John Halloran, *et. al.* | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR A**
**SHOW CAUSE HEARING FOR THIRD-PARTY WITNESS DAVID BROWN**

Plaintiff Marcelous Pittman, by and through his attorneys Loevy + Loevy, respectfully moves for an order requiring third-party witness David Brown to show cause for his failure to appear for his deposition. In support of this motion, Plaintiff states as follows:

1. Mr. Pittman filed a lawsuit alleging that he was wrongfully convicted for charges stemming from a shooting that occurred on October 31, 2001. Ex. A (Amended Complaint) at ¶¶ 1, 15-78.

2. On Halloween night, a group of young people were engaged in an egg fight in and around Washington Park in Chicago, Illinois. *Id.* at ¶ 15.

3. During the egg fight, police officers were called and responded to the area. One of the responding officers was Officer Patrick Doyle. *Id.* at ¶ 20.

4. Officer Doyle parked his car near Washington Park and exited. Shortly thereafter, someone fired gunshots from the Washington Park area, striking Officer Doyle in the chest. Officer Doyle survived the shooting. *Id.* at ¶¶ 21-22.

5. Police immediately began gathering nearby bystanders, including a 18-year-old young man named David Brown. *Id.* at ¶ 26.

***David Brown's Relevant Knowledge***

6. Reports reflect that at the station the Officer Defendants interrogated Brown, which culminated in a signed statement that implicated Plaintiff as the shooter. *See* Ex. B (Brown's Alleged Statement) at Pittman 2834 ("David states that he then heard two gunshots. The shots are coming from the direction of Washington Park."); *id* ("David states that he looks toward the park and sees Marcellus standing in the park holding a gun. David states that the gun is pointed towards the police car.")

7. Plaintiff has alleged that all evidence, including Brown's statement, was fabricated by Defendant Officers

8. Indeed, Plaintiff has consistently maintained that he was not involved in the shooting, and in 2023, Plaintiff's petition for a Certificate of Innocence was granted.

9. Given Plaintiff's allegations, Brown is a critical witness. He has relevant knowledge about the events leading up to and during the shooting, the conduct of his interrogation, and the creation of his alleged statement.

***Plaintiff's Attempts to Depose Brown***

10. Plaintiff first attempted to depose Brown in May 12, 2025. Ex. C (Subpoena with Proof of Service). Brown was personally served with a deposition subpoena. *Id.* at 2. On the morning of the deposition, Plaintiff's counsel text Mr. Brown to ask if he was on his way. Mr. Brown responded that he was not going to make it because he had too much on his plate. Ex. D (Record of Non-appearance Tr., May 12, 2025) at 3-4.

11. Plaintiff then rescheduled Brown's deposition for September 10, 2025. Ex. E (Subpoena with Proof of Service). Brown was again personally served. *Id.* at 2. Mr. Brown notified Plaintiff's counsel that he would not be able to sit for the deposition, and so the deposition was cancelled.

12. Plaintiff then lost contact with Brown. After nearly a year of searching for Brown, on August 13, 2026, Plaintiff was able to serve Brown with a subpoena for a deposition. Ex. F (Subpoena with Proof of Service).

13. On August 17, 2026, the parties convened for Brown's deposition. However, Brown never appeared. Brown did not contact Plaintiff's counsel to provide an explanation for his failure to appear, nor did he ask for any accommodation to ensure that he could sit for a deposition. Ex. G (Record of Non-Appearance Tr., August 17, 2026) at 3.

*The Court Should Order Brown to Show Cause for His Failure to Appear for His Deposition*

14. Federal Rule of Civil Procedure ("Rule") 45 allows a court "for the district where compliance is required" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Because Brown's subpoena required compliance in Oklahoma City, which is within the Western District of Oklahoma Plaintiff respectfully requests that this Court issue an order requiring Brown to show cause why he should not be held in contempt for her failure to comply for her duly ordered deposition. Fed. R. Civ. P. 45(g) (instructing that jurisdiction to hold contempt proceedings lies with the court in the district where compliance is required).

15. A finding of civil of contempt can be entered where the Court has found that Plaintiff has shown by clear and convincing evidence that: "(1) a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor]

disobeyed the order." *F.T.C. v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004) (quoting *Reliance Ins. Co v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

16. Each of those elements are met here. First, Plaintiff's subpoena, which has the effect of a court order under Rule 45, set forth an unambiguous command for Brown to appear for his deposition at a certain location on a specific date and time. Ex. F (Subpoena with Proof of Service) at 1. Second, Brown had knowledge of his deposition as shown by the proof of service. *See* Ex. F (Subpoena with Proof of Service) at 2. Third, the transcript of Brown's non-appearance and his failure to contact any party's counsel to reschedule the deposition show that he did not make any effort to comply with the subpoena. Ex. G (Record of Non-Appearance Tr., August 17, 2026) at 3. Thus, Plaintiff has satisfied each of the required elements and this Court should issue an order requiring Brown to show cause for his failure to appear for a deposition.

17. If the Court grants this motion, Plaintiff's counsel will mail a copy of this motion and the Court's notice to inform Brown of the date, time, of the hearing via USPS.

18. Additionally, because all the parties' counsel in this case are out of town attorneys, in the interest of efficiency and reducing costs, Plaintiff further requests that Court order Brown to sit for his deposition immediately following the show cause hearing. The parties' counsel can arrange for the deposition to take place at a nearby court reporter's office.

WHEREFORE Plaintiff, Marcellous Pittman, respectfully requests this Court issue an order requiring David Brown to show cause for his failure to comply with his deposition, and for whatever other relief this Court deems just and proper.

DATE: August 21, 2026

RESPECTFULLY SUBMITTED,

/s/ Joseph Norwood

Norwood.Law

1601 S. Main Street, Suite 300
Tulsa, OK 74119
Ph: 918.582.6464
joe@norwood.law

Renee Spence*
Jon Loevy
Julia Rickert
Lindsay Hagy
Annalise Wagner
LOEVY + LOEVY
311 North Aberdeen St., Third Floor Chicago, IL 60607
(312) 243-5900
spence@loevy.com
*Pro hac admission forthcoming*

**CERTIFICATE OF SERVICE**

I, Joseph Norwood, an attorney, certify that on August 21, 2026 the foregoing Plaintiff's Motion for a Show Cause Hearing for Third-Party Witness David Brown was filed via the Court's Cm/ECF system.

/s/ Joseph Norwood